IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>      Plaintiff,<br><br>   vs.<br><br>GENEVIEVE D. FERRY, et al.,<br><br>      Defendants.<br>_____/ | CIV. NO. S-11-2843 KJM GGH PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

      This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). It was removed from state court on October 27, 2011. Since the removal of the unlawful detainer by defendants Ferry, Federal National Mortgage Association has not made an appearance. Nevertheless, a district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004); see also Kelton Arms Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Having reviewed the notice of removal, the court finds that the action should be remanded to state court due to lack of subject matter jurisdiction.

\\\\

1   Removal jurisdiction statutes are strictly construed against removal. See Libhart
2 v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be
3 rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980
4 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party
5 invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994).

6   Defendants invoke the court's jurisdiction under 28 U.S.C. §§ 1331. A plaintiff
7 may bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331. In that
8 situation, the court has original jurisdiction. A state court defendant cannot invoke the federal
9 court's original jurisdiction. But he may in some instances invoke the court's removal
10 jurisdiction. The requirements to invoke removal jurisdiction are often identical to those for
11 invoking its original jurisdiction. The requirements for both relate to the same end, that is,
12 federal jurisdiction.

13   Removal of a state court action is proper only if it originally could have been filed
14 in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by
15 removal, only those cases in which a well-pleaded complaint establishes either that federal law
16 creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution
17 of a substantial question of federal law." Franchise Tax Board v. Construction Laborers
18 Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal
19 law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,
20 93 (3d Cir. 1992). Also, defenses and counterclaims cannot provide a sufficient basis to remove
21 an action to federal court. See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); FIA Card Servs.
22 v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by
23 defendant on the basis that defendant's counterclaim raised a federal question).

24   Here, the exhibits attached to the removal petition establish that the state court
25 action is nothing more than a simple unlawful detainer action, and is titled as such. (See Dkt.
26 No. 1, at pp. 7-8.) This court has no jurisdiction over unlawful detainer actions which are strictly

within the province of the state court.  Defendants' apparent attempt at creating federal subject matter jurisdiction by simply stating that the matter depends on the determination of the parties' rights and duties under federal law will not succeed.  See Catee v. Capital One, F.S.B. 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal).

Accordingly, the court finds that remand is appropriate because the case is not one which arises under federal law.  Pursuant to 28 U.S.C. § 1447(c), where it appears the court lacks subject matter jurisdiction, the court shall make an order for remand.  The petition for removal and the state court record filed in this case demonstrate that the underlying proceedings are not removable to this court.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The action be summarily remanded to the Superior Court for the State of California for the County of Nevada;

2. The Clerk be directed to serve a certified copy of this order on the Clerk of the Nevada County Superior Court, and reference the state case number (C11-172) in the proof of service; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The

\\\\

\\\\

\\\\

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: December 1, 2011

  /s/ Gregory G. Hollows<br>
  UNITED STATES MAGISTRATE JUDGE

GGH/wvr
McCampbell.1200.fr.remand.wpd